**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5381

JOHN PALMER,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-94-30076)

Argued: July 9, 1996

Decided: September 4, 1996

Before WILKINS, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John A. Keats, Fairfax, Virginia, for Appellant. Robert H.
McWilliams, Jr., Assistant United States Attorney, Wheeling, West
Virginia, for Appellee. **ON BRIEF:** Steven M. Askin, Robert C.
Stone, Jr., ASKIN & ASSOCIATES, Martinsburg, West Virginia, for
Appellant. William D. Wilmoth, United States Attorney, Wheeling,
West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Palmer was convicted by a jury of conspiring to commit bankruptcy fraud, see 18 U.S.C.A. § 371 (West Supp. 1996); concealing property belonging to the estate of a bankruptcy debtor, see 18 U.S.C.A. § 152 (West Supp. 1996); aiding and abetting the laundering of proceeds of unlawful activity, see 18 U.S.C.A. § 2 (West 1969); 18 U.S.C.A. § 1956(a)(1)(B)(i) (West Supp. 1996); and tampering with a witness, see 18 U.S.C.A. § 1512(b)(1)-(2)(A) (West Supp. 1996). Palmer appeals, raising numerous challenges to his convictions and sentence. We affirm.

I.

In 1989, Palmer purchased a shopping plaza from South Berkeley Lumber and Building Supply, Inc. (South Berkeley) for $350,000 as part of a transaction negotiated with the President of South Berkeley, Thomas Hartman. Because South Berkeley had filed a petition in bankruptcy, the plaza was included within the bankruptcy estate, rendering the proceeds from its sale subject to the claims of its creditors. In order to provide funds to Hartman that would not be subject to claims against the bankruptcy estate, Palmer paid an undisclosed $50,000 to Hartman and the two directed that the documents necessary to execute the transaction, which were to be submitted to the bankruptcy court for approval, be prepared to indicate that the purchase price was $300,000. The bankruptcy court subsequently approved the terms of the sale as represented by Palmer and Hartman.

Based on information obtained from one of Palmer's business partners, the Federal Bureau of Investigation began an investigation into the details of the transaction. Palmer was thereafter indicted on numerous charges. At trial, many individuals who were involved in the transaction or who had overheard Palmer discussing the true

2

amount of the purchase price testified against him. In addition, the jury considered tape recordings of conversations in which Palmer discussed the transaction. Palmer was convicted, sentenced to 60 months imprisonment, ordered to pay a fine of $55,000 and a special assessment of $350, and ordered to forfeit $85,000. He now appeals.

II.

Palmer first asserts that the instructions to the jury by the district court were erroneous in light of the decision of the Supreme Court in Hubbard v. United States, 115 S. Ct. 1754 (1995). We disagree. In Hubbard, the Court held that the bankruptcy court is not a department or agency of the United States within the meaning of 18 U.S.C.A. § 1001 (West Supp. 1996). Hubbard, 115 S. Ct. at 1765. But, in contrast to a charge of violating § 1001, which makes unlawful misrepresentations made "in any matter within the jurisdiction of any department or agency of the United States," Palmer was charged with conspiracy to commit bankruptcy fraud in violation of § 371, which makes illegal conspiracies "to commit any offense against the United States." The district court properly instructed the jury that in order to convict Palmer of violating § 371, the Government was required to prove beyond a reasonable doubt the existence of the offense as alleged in the indictment; i.e., that Palmer was involved in a conspiracy to commit an offense against the United States. Consequently, we hold this argument to be without merit.

III.

Palmer next contends that reversal is required because the Government failed to disclose notes from an interview of prosecution witness Bonnie Butler by federal and state officers in 1991 indicating that Butler admitted her involvement in the use and distribution of cocaine. See Giglio v. United States, 405 U.S. 150, 154 (1972); Brady v. Maryland, 373 U.S. 83, 87 (1963). However, based on the totality of the circumstances, see United States v. Kelly , 35 F.3d 929, 936 (4th Cir. 1994), there is no "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different," Kyles v. Whitley, 115 S. Ct. 1555, 1565 (1995) (internal quotation marks omitted). Butler's testimony regarding the structure of the transaction between Palmer and Butler was confirmed by

3

the testimony of three other witnesses. It was also corroborated by tape recordings of conversations between Palmer and Butler, as well as between Palmer and other witnesses. Moreover, Butler's credibility was challenged thoroughly because the jury was made aware that Butler had pled guilty to filing a fraudulent tax return and that she potentially was biased toward the Government as a result of a plea agreement. Viewed in this light, we conclude that the failure to disclose Butler's statement did not violate due process.

IV.

Palmer also maintains that the district court abused its discretion in admitting evidence of other crimes. See Fed. R. Evid. 404(b). Specifically, he maintains that the district court erred (1) in permitting the jury to consider testimony by a former girlfriend that she gave Palmer a large amount of cash to be used for the undisclosed payment; (2) in admitting testimony by the wife of a former business partner that she overheard Palmer tell her husband about the transaction with Hartman and that she provided three checks to Palmer for a portion of the undisclosed payment; (3) in allowing the Government to cross-examine a state official responsible for inspecting Palmer's businesses --called by Palmer as a character witness--regarding whether the official had ever accepted a bribe from Palmer; and (4) in allowing the Government to elicit testimony from Palmer's stepdaughter that she had observed Palmer pay a bribe to the official.

We conclude that these contentions are without merit. The testimony from Palmer's former girlfriend and the wife of a former business partner regarding the undisclosed $50,000 payment is not evidence of other crimes, but instead is evidence relevant to the offenses for which Palmer was charged. See United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994), cert. denied, 115 S. Ct. 939 (1995). The questioning of the state official regarding whether he had accepted a bribe from Palmer was relevant regarding the official's credibility. See Fed. R. Evid. 608(b). And, there was no error in admitting the testimony from Palmer's stepdaughter because it was relevant to show bias on the part of the official. See United States v. Abel, 469 U.S. 45, 49 (1984). Therefore, we cannot say that the district court abused its discretion in admitting the challenged testimony into evidence.

4

V.

Further, we reject Palmer's remaining challenges to the jury instructions. The district court did not err in refusing to give the circumstantial evidence instruction requested by Palmer because the instruction given was virtually identical to the one requested. See United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995). And, the instructions given by the district court regarding the laundering of financial instruments in violation of 18 U.S.C.A§ 1956 sufficiently instructed the jury regarding the essential elements of that offense. See United States v. Heaps, 39 F.3d 479, 483 (4th Cir. 1994). Finally, although Palmer challenges as inadequate the instruction given that he would have a complete defense to several of the charges should the jury conclude that he made the undisclosed $50,000 payment in good faith, he failed to advance any argument regarding this issue in his briefs submitted on appeal. Therefore, we deem it abandoned. See Fed. R. App. P. 28(a)(6); 11126 Baltimore Blvd., Inc. v. Prince George's County, Md., 58 F.3d 988, 993 n.7 (4th Cir.), cert. denied, 116 S. Ct. 567 (1995). In sum, we find no error in the jury instructions given by the district court.

VI.

Palmer next argues that the district court abused its discretion in granting the Government's motion in limine to suppress the testimony of the Assistant United States Attorney responsible for prosecuting the charges against him. This argument is without merit because the testimony that Palmer sought to elicit from the prosecuting attorney consisted of hearsay statements Palmer sought to introduce on his own behalf, see Fed. R. Evid. 801-02, and did not qualify under any of the exceptions, see Fed. R. Evid. 803.

VII.

Palmer also submits several challenges to the sentence imposed by the district court, all of which we reject. The district court properly increased Palmer's offense level by two for obstruction of justice as a result of his instruction to Hartman to feign a lack of memory concerning the events surrounding the undisclosed $50,000 payment when he testified before the grand jury. See United States Sentencing

5

Commission, <u>Guidelines Manual</u>, § 3C1.1 (Nov. 1994). The district court did not engage in impermissible "double counting" when it enhanced Palmer's offense level by two levels on the ground that the fraud committed was in violation of an order of the bankruptcy court, <u>see</u> U.S.S.G. § 2F1.1(b)(3)(B), despite the fact that the crime with which he was charged was fraud against the bankruptcy court. <u>See United States v. Curtis</u>, 934 F.2d 553, 556 (4th Cir. 1991). And, the finding by the district court supporting a two-level increase in Palmer's offense level based on his aggravating role in the offense, <u>see</u> U.S.S.G. § 3B1.1(c), was not clearly erroneous. <u>See United States v. Harris</u>, 39 F.3d 1262, 1270 (4th Cir. 1994).

VIII.

We have reviewed the other arguments advanced by Palmer, all of which we conclude are without merit. We therefore affirm Palmer's convictions and sentence.

<u>AFFIRMED</u>

6